## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Lawrence Boyd

### December 26, 1995

### Case No. (Juvenile) 3643

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on November 29, 1995, on the appeal of Lawrence Boyd of the order entered on October 25, 1995, by the Juvenile and Domestic Relations District Court of Fairfax County pursuant to Virginia Code § 16.1-269.1 certifying the Defendant to be tried as an adult on the charge of malicious wounding. At the conclusion of the hearing, this Court took the case under advisement pending the preparation of the transcript of the transfer hearing held in the Juvenile Court. *See generally Douglas v. Commonwealth*, 19 Va. App. 324, 451 S.E.2d 49 (1994).

The Court has now had the opportunity to consider carefully (1) all papers connected with the case, including the report required by Code §.16.1-269.2(B), the written order of the Juvenile Court, and the transcript of the transfer hearing held in Juvenile Court, and (2) the testimony of the witnesses and the arguments of counsel presented at the hearing in this Court pursuant to Code §. 16.1-269.6. For the reasons set forth below, the Court will enter an order advising the Commonwealth's Attorney that he may seek an indictment in this case.

Mr. Boyd is charged with the malicious wounding of Juan Gomez on September 3, 1995. Mr. Boyd was born on February 11, 1978. Therefore, at the time of the offense, he was 17½ years old. Malicious wounding is a Class 3 felony. Code § 18.2-51.

At the transfer hearing in the Juvenile Court, the judge found that probable cause exists to believe that Mr. Boyd committed the delinquent act.

This Court will not revisit that finding of probable cause. Code § 16.1-269.6(B)(ii).

The Juvenile Court judge found that Mr. Boyd is appropriate to stand trial in the Circuit Court as an adult pursuant to Code § 16.1-269.1(B)(1). The Juvenile Court declined to make the findings required by Code § 16.1-269.1(A)(4) as to Mr. Boyd's amenability to treatment in the juvenile justice system in that he was 17½ years old at the time of the alleged offense, which is a Class 3 felony violation of Chapter 4 of Title 18.2 for assault or bodily wounding. Code § 16.1-269.1(B)(1)(iv). Having independently reviewed the entire record in this case, this Court concurs with the finding of the Juvenile Court judge that the Defendant should be tried as an adult without regard to the factors enumerated in Code § 16.1-269.1(A)(1).

According to the police report of the alleged offense, the Defendant got into an argument with Mr. Gomez, the alleged victim, after Mr. Gomez talked to or looked at Mr. Boyd's girlfriend at a public swimming pool during Labor Day weekend. Mr. Boyd left the scene and returned later to confront Mr. Gomez with a broken bottle. Mr. Boyd allegedly stabbed Mr. Gomez several times in the neck, chest, and back with the broken bottle, inflicting serious injuries. *See* Commonwealth's Exhibits 1 to 5. Mr. Boyd, who admits to having been under the influence of intoxicants and illegal drugs at the time of the offense, claims he acted in self-defense.

The seriousness of the charge and the age of the Defendant, standing alone, argue in favor of Mr. Boyd's certification to be tried as an adult. This Court declines to consider the factors set forth in Code § 16.1-269.1(A)(4).

An order will be entered advising the Commonwealth's Attorney that he may seek an indictment in this case.